## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MAGALENE BOWERS PETERSON,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:11-CV-777-Y** |
| | § | |
| **JOE KEFFER, WARDEN,** | § | |
| **FMC-CARSWELL,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Magalene Bowers Peterson, Reg. No. 06158-017, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

### C. PROCEDURAL HISTORY

On February 16, 2005, pursuant to a plea agreement, petitioner pleaded guilty to one count of conspiracy to distribute and possess 38.2 grams of crack cocaine with intent to

distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and 846, and one count of being

a principal to distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. §

841(a), (b)(1)(B)(iii), and 18 U.S.C. § 2, in the United States District Court for the Northern

District of Florida, Panama City Division, and was sentenced to a term of imprisonment of 120

months, or 10 years, as to the first count and 12 months, or 1 year, as to the second, the sentences

to run concurrently. (Resp't App. at 1-9) *United States v. Peterson*, U.S. Pacer, Criminal Docket

for Case No. 5:05-CR-22-RH-WCS-1. Petitioner did not directly appeal her convictions or

sentences. On February 26, 2008, petitioner filed a motion for a reduction of her 120-month

sentence under 18 U.S.C. § 3582(c)(2) in the convicting court based on the intervening decision

in *United States v. Booker*, 543 U.S. 220 (3005), and, on May 30, 2008, she filed a motion for

reduction of sentence based on "retroactive Amendment 706" of the sentencing guidelines.

(Resp't App. at 10-17) The convicting court denied the motions, stating–

> The defendant Magaline Bowers Peterson has moved for a sentence reduction
> under United States Guidelines Amendment 706. The amendment reduces the
> guideline range for most crack cocaine offenses. But the amendment makes no
> change in any applicable mandatory sentence. Mr. Peterson was sentenced to the
> minimum mandatory term of 10 years. She is not eligible for a reduction.

(Resp't App. at 18-19)

Petitioner filed this federal petition under § 2241 in this division, where she is currently

incarcerated. She raises two grounds for habeas relief: Her sentence was improperly enhanced

based on (1) a prior conviction and (2) "application of two points for 'recency' which is no

longer considered." (Pet. at 4-5) The government has filed a response seeking dismissal of the

petition for lack of jurisdiction. (Resp't Resp. at 2-4)

2

D. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his or her sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federally imposed sentence may be considered, under the so-called "savings clause" of § 2255(e), if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that his or her claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The first "factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is actually innocent," meaning that he "may have been imprisoned for conduct that was not prohibited by law." *Jeffers*, 253 F.3d at 830–31.

Petitioner is unable to satisfy this factor by merely claiming that the district court improperly applied sentencing enhancements because the claim does not rely on a retroactively applicable Supreme Court decision showing that she was convicted of a nonexistent offense. Further, petitioner claims she had no knowledge of her right to file a § 2255 motion prior to expiration of the time allocated to do so. (Pet. at 7) The fact that petitioner is barred under the

3

statute of limitations from bringing a motion under § 2255, however, does not render the § 2255

remedy inadequate. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under

§ 2255, such as the one-year statute of limitations. *Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.

2000) (citing *Toliver,* 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the

limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to

the claims presented in this habeas corpus proceeding, and the court is therefore without

jurisdiction to consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir.

2005); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus

under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific

written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until June 5 , 2012. In order to be specific, an objection must identify

the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the magistrate judge's report and recommendation where the

disputed determination is found. An objection that merely incorporates by reference or refers to

4

the briefing before the magistrate judge is not specific.  Failure to file specific written objections

will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until _Jun 5_, 2012,

to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation.  It is further ordered that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the

filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is

returned to the docket of the United States District Judge.

SIGNED May ___15___, 2012.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE